## John PEET, Jr. and Jane Peet, Petitioners,

v.

## COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1998.

Decided Oct. 21, 1998.

Richard J. Gromen, Jr., Elizabethtown, for petitioner.

Ronald H. Skubecz, Harrisburg, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and LEADBETTER, JJ.

COLINS, President Judge.

John Peet, Jr. and Jane Peet (Taxpayers) filed exceptions to the opinion of the Commonwealth Court of Pennsylvania, *Peet v. Commonwealth,* 705 A.2d 497 (Pa.Cmwlth. 1998). In that opinion, we affirmed the denial of the Taxpayers' request for a refund of income tax based on a credit for income tax paid to the state of Delaware on Delaware-source income. In their exceptions, the Taxpayers find error in our conclusions of law with respect to what portion of their income was subject to tax in Delaware and as to the meaning of "income subject to tax by the other jurisdiction" in Section 314(b) of the Tax Reform Code of 1971 (Tax Code).[1]

The Taxpayers sought a credit against their Pennsylvania income tax liability equal to the amount of tax they paid to Delaware on their Delaware-source income. The Commonwealth's Department of Revenue limited that credit in accordance with its interpretation of Section 314(b) of the Tax Code, which provides

> The credit provided under this section shall not exceed the proportion of the tax otherwise due under this article that the amount of the taxpayer's income subject to tax by the other jurisdiction bears to his entire taxable income.

72 P.S. § 7314(b). In this case, the "proportion of the tax otherwise due" equals 28

---

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7314(b).

percent, which is "the amount of taxpayer's income subject to tax by Delaware" bears to their "entire taxable income"; that is, $85,-204 (Delaware-source income) divided by $303,297 (total taxable income). Accordingly, the credit is limited to 28 percent of the Taxpayers' total Pennsylvania tax liability for the year in question.

The Taxpayers' exceptions to this Court's conclusions of law are simply without merit. We will attempt no restatement of the principles and reasoning behind this Court's conclusions, because, simply stated, Judge Doyle's opinion in *Peet v. Commonwealth* bears no improvement. We do, however, take this opportunity to emphasize that the purpose of the income tax credit is to avoid double taxation of income having its source outside the Commonwealth. In other words, when a taxpayer pays taxes on such income to another state, that taxpayer need not again pay tax on that income in Pennsylvania. Section 314(b) of the Tax Code, and the Commonwealth's interpretation of that subsection, simply limit the amount of that credit: the credit can be no more than the amount of tax the Taxpayer would have paid on that income if it had been taxed in Pennsylvania. Accordingly, the actual amount paid to Delaware is relevant only insofar as it is less than or equal to the maximum amount of the credit available in Pennsylvania. Were we to adopt the Taxpayer's method of calculating the credit, the Commonwealth would in effect be forfeiting a portion of the tax due on Pennsylvania-source income.

The Taxpayers' exceptions are overruled, and this Court's opinion in *Peet* is affirmed.

### ORDER

AND NOW, this 21st day of October, 1998, the Taxpayers' exceptions are overruled, and this Court's January 2, 1998 order in the above-captioned matter is affirmed. The Chief Clerk is directed to enter judgment in favor of the Commonwealth.